IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SUSAN GREEN, )
)
    *Plaintiff,* )
v. ) NO. 3:06-0402
) JUDGE HAYNES
WAL-MART STORES, INC., )
)
    *Defendant.* )

## MEMORANDUM

Plaintiff, Susan Green, a Tennessee citizen, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendant, Wal-Mart Stores, Inc., a foreign corporation. Plaintiff seeks recovery for injuries she sustained on March 23, 2005, when she slipped and fell in the Wal-Mart store on Charlotte Pike in Nashville, Tennessee. The Defendant filed an answer denying the Plaintiff's allegations and a case management order was entered. The parties completed discovery.

Before the Court is the Defendant's motion for summary judgment (Docket Entry No. 21) and motion to strike (Docket Entry No. 26). In its motion for summary judgment, Defendant contends that Plaintiff lacks any proof that Wal-Mart employees or agents had any actual or constructive notice of the substance on the floor of its store that Plaintiff contends, caused her fall. The Defendant's motion to strike seeks to strike Plaintiff's affidavit in opposition to its motion for summary judgment as conflicting with Plaintiff's deposition testimony that there were not any Wal-Mart employees in the area when she fell at the time she fell.

In response, Plaintiff insists her affidavit does not directly contradict her deposition testimony and her affidavit demonstrates that Wal-Mart employees were near her at the time of her fall and thus those employees had constructive knowledge of the dangerous condition that caused

Plaintiff's fall, sufficient to create a triable issue for the jury.

## A. Finding of Facts[1]

On March 23, 2005, Plaintiff went to the Wal-Mart on Charlotte Pike to purchase some toiletries. (Docket Entry No. 20, Plaintiff's Deposition at p. 61). Plaintiff was carrying a purse when she went to purchase a bottle of shampoo and some other merchandise. Id. at pp. 62-63. Plaintiff did not use a shopping cart for these items. Id. at p. 62. In the area of the shampoo products, Plaintiff slipped and fell to the floor. Id. Plaintiff identified a thick substance that appeared to be hair gel or shampoo that was "whitish clear" or "whitish gray." Id. at pp. 64, 65, 67, 68. Plaintiff described the substance as "one glob" of gel on the floor. Id. at p. 68.

Plaintiff had been in the store for approximately 15 minutes when she fell. Plaintiff did not see the gel before she fell nor did she observe any leak from the display shelves. Id. at p. 71. The aisle was well lighted and Plaintiff's vision of the floor was unimpaired. Id. at pp. 64, 79. Plaintiff did not know how long the gel had been on the floor nor how the gel got on the floor. Id. at p. 79.

In her discovery deposition, Plaintiff testified that she does not know whether a Wal-Mart employee caused the substance to be on the floor, nor did she see any Wal-Mart employees at the time of her fall.

> Q. Were there any other customers on the shampoo aisle?

---

[1] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Thus, this section constitutes finding of facts under Fed.R.Civ.P. 56(d).

A.  No.

    Q.  Were there any Wal-Mart employees on the shampoo aisle?

    A.  No.

    Q.  Do you know of anyone who witnessed you falling down?

    A.  No.

                                    * * *

    Q.  Do you know if any Wal-Mart employee knew the liquid was on the floor before you fell?

    A.  No.

                                    * * *

    Q.  There weren't other customers around?

    A.  Uh-uh, no.

    Q.  No Wal-Mart associates or employees around?

    A.  Not to my knowledge.

Id. 64, 80.

In her affidavit in opposition to the Defendant's motion for summary judgment, Plaintiff states, in pertinent part:

    7.  That I know that the employees of Wal-Mart working in the vicinity of my fall should have and could have seen the spill. I know this to be true because of their proximity to my fall from where they were working;

    8.  That when I fell, there were employees of Wal-Mart who were near enough for me to call them and they immediately came to the place where

                                      3

I fell;

9. That the employees of Wal-Mart in the vicinity of may fall did not warn me of the danger in the shampoo aisle;

10. That I do not believe the employees of Wal-Mart were diligent enough in their efforts to keep the aisles clean and free of hazzards; and

11. That the Wal-Mart employees did not have an obstructed view of the aisle where I fell and could have seen the spill from where they were standing.

(Docket Entry No. 23-2, Green Affidavit at ¶¶ 7 through 11).

## B. Conclusions of Law

As to the Defendant's motion to strike Plaintiff's affidavit, "[a] [party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony." Penny v. United Parcel Service, 128 F.3d 408, 415 (6th Cir. 1997); see also Banes v. Otis Elevator Co., 2 Fed. Appx. 461, 465 (6th Cir. 2001) ("This circuit has consistently held that, following an opposing party's motion for summary judgment, a party may not create an issue of fact by submitting an affidavit that contradicts her prior deposition testimony.").

Plaintiff's affidavit in opposition to the Defendant's motion for summary judgment, asserts that Wal-Mart employees were in the area of the accident and those employees could have seen the gel substance on the floor. (Docket Entry No. 23-2, Plaintiff's Affidavit at p. ¶ 7 through 11). Yet, in her deposition, Plaintiff unequivocally twice testified that there were not any Wal-Mart employees in the area where she fell. Plaintiff referred to only one employee who responded after her fall and call for help. Plaintiff did not seek to change or correct any omissions in her earlier deposition. See

4

Fed.R.Civ.P. 30(e). Thus, a clear conflict exists between Plaintiff's deposition testimony and her affidavit in opposition to the Defendant's motion for summary judgment. Thus, the Defendant's motion to strike should be granted.

As a diversity action, state law governs the parties' claims and defenses. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (U.S. 1938). As to Plaintiff's claim, under Tennessee law, businesses have a legal duty to exercise due care to avoid any foreseeable injury to the customers on their business premises, Blair v. Est Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004), given the business owner's superior knowledge of the condition of their premises. Id. at 764. Reasonable care is defined under by all of the circumstances, Eaton v. McLain, 891 S.W.2d 587m 593-94 (Tenn. 1994). Business premises must be maintained in a reasonably safe condition as so to remove or warn against dangerous conditions on the premises of which the owner knows or should have known through the exercise of reasonable diligence. Eaton, 891 S.W.2d at 593-94.

Without the affidavit, Plaintiff lacks proof that the Defendant had actual or constructive knowledge of any danger. There is not any proof of prior spillage or falls in the area of Plaintiff's fall nor proof of the last cleanup of this area or other customers' complaints about this area. Without proof of Wal-Mart's actual or constructive knowledge of the gel on the floor, Plaintiff cannot support a judgment on her claim. Thus, the Defendant's motion for summary judgment should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 24th day of September, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge